# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

KATINA PARKER,                          §
(TDCJ-CID #772517)                      §
                                        §
          Petitioner,                   §
                                        §
VS.                                     §          CIVIL ACTION NO. H-15-0252
                                        §
WILLIAM STEPHENS,                       §
                                        §
          Respondent.                   §

## MEMORANDUM AND OPINION

The petitioner, Katina Parker, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging

her 1996 state-court conviction and 99-year sentence for murder. (Cause Number 19,157).  The First

Court of Appeals of Texas affirmed Parker's conviction on August 31, 1999.  The Texas Court of

Criminal Appeals refused Parker's petition for discretionary review on December 31, 1999. *See*

Texas Judiciary Website, http://www.cca.courts.state.tx.us/.   On January 28, 2015, this court

received Parker's federal petition.  Parker contends that her conviction is void because she received

ineffective assistance of counsel on appeal.  (Docket Entry No. 1, Federal Petition, p. 6).  The issue

is whether Parker filed this federal suit too late.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions

filed after April 24, 1996.  The statute provides:

> (1)     A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run
> from the latest of–

(A)     the date on which the judgment became final by the
        conclusion of direct review or the expiration of the
        time for seeking such review;

(B)     the date on which the impediment to filing an
        application created by State action in violation of the
        Constitution or laws of the United States is removed,
        if the applicant was prevented from filing by such
        State action;

(C)     the date on which the constitutional right asserted was
        initially recognized by the Supreme Court, if the right
        has been newly recognized by the Supreme Court and
        made retroactively applicable to cases on collateral
        review; or

(D)     the date on which the factual predicate of the claim or
        claims presented could have been discovered through
        the exercise of due diligence.

(2)     The time during which a properly filed application for State
        post-conviction or other collateral review with respect to the
        pertinent judgment or claim is pending shall not be counted
        toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if
it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is
not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)
(quoting 28 U.S.C. foll. § 2254 Rule 4). On April 9, 2015, this court ordered Parker to file a written
statement by May 12, 2015 showing her petition should not be dismissed as time-barred under 28
U.S.C. § 2244(d). (Docket Entry No. 4). Parker complied. (Docket Entry No. 5).

Parker's conviction became final when the time for filing a petition for a writ of certiorari
expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule
13.1 (West 2002). The Texas Court of Criminal Appeals refused Parker's petition for discretionary

review on December 31, 1999. Parker's deadline for filing a petition for a writ of certiorari was March 30, 2000. The limitations period ended one year later, on March 30, 2001. Parker did not file this federal petition until January 18, 2015.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). On-line research reveals that Parker filed an application for state habeas corpus relief on March 11, 2013, which the Texas Court of Criminal Appeals dismissed on March 20, 2013, for non-compliance with Texas Rules of Appellate Procedure 73.1. Parker filed a second application for state habeas corpus relief on July 1, 2013, which the Texas Court of Criminal Appeals dismissed because it did not comply with Texas Rules of Appellate Procedure 73.1 on August 14, 2013. Parker filed a third application for state habeas corpus relief on April 8, 2014, which the Texas Court of Criminal Appeals denied without written order on June 11, 2014. Parker's state habeas applications did not extend the federal limitations period because she filed them well after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

The record does not disclose any grounds for equitable tolling. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the filing period did not merit equitable), *cert. denied,* 528 U.S. 1007 (1999).

Nor Parker does satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented her from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Parker's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C.

§ 2244(d)(1)(C). Parker's claims relate to her trial on December 9, 1996. Parker has not shown that she did not know of the factual predicate of her claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Parker argues that she is seeking an out-of-time appeal, not challenging her underlying criminal conviction. (Docket Entry No. 6, p. 2). Parker's pleadings make it clear that she is challenging the validity of her conviction on the ground that her appellate counsel rendered ineffective assistance. Her pleadings and the online records, show that the Texas Court of Criminal Appeals granted Parker an out-of-time appeal, and subsequently denied her the relief she sought. Parker is now challenging the conviction and sentence imposed by the 278th Judicial District Court of Walker County, Texas and the Texas courts' subsequent denial of relief. A petition for a writ of habeas corpus under 28 U.S.C. § 2254, not an out-of-time appeal, is the proper mechanism to challenge a state criminal conviction and sentence after they have become final. To the extent Parker asks this court to grant her leave to file an out-of-time appeal in state court, a federal habeas court lacks jurisdiction to do so.

Parker's challenges to her 1996 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  The record does not make this showing.  This court will not issue a certificate of appealability.

SIGNED on June 25, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge